FRANK CONDIT, Appellee, v. H. FELDMAN et al., Appellants.

**MECHANICS' LIENS:** Evidence—Sufficiency. Record held to support the judgment of the court relative to the amount of a mechanics' lien.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

FEBRUARY 14, 1922.

SUIT to foreclose a mechanics' lien for labor. There was a decree for plaintiff, and the defendants appeal.—*Affirmed.*

*Naglestad & Pizey,* for appellants.

*Farr & Farr,* for appellee.

EVANS, J.—The plaintiff pleaded an itemized statement of his account, showing 574 hours of labor at 50 cents per hour, and credited partial payment thereon, and claimed a balance due of $137. The defense was that the claim was excessive, and that the plaintiff had worked for 324 hours and no more, and that he had been overpaid for such work to the amount of $9.00. There was also a counterclaim for $200 for damages for unskillful work. The plaintiff was a very unskilled carpenter. He worked for 50 cents an hour, which was half the rate of ordinary carpenters. The defendant Feldman was a Russian fruit peddler, who had a house comprising his home, which needed much repair. The plaintiff was engaged in such repair. The work consisted of putting on a new roof and of building a porch and of doing more or less plastering and chimney building and of enlarging rooms and inserting windows and various other things. The material furnished him, except, perhaps, the shingles, was secondhand lumber of a very rough sort, obtained by the defendant either by gift or trade. The combination of plaintiff's lack of skill and the quality of the material furnished him to work with did not result in a first-class job. No warranty or representation of skill by the plaintiff was charged by the defendant. The trial court allowed nothing upon the counterclaim. The only other issue related to the amount of plaintiff's time and the amount of payments that had been made to him. No question is presented except these fact questions. The burden was upon the plaintiff to prove his claim. There is a good deal that is unsatisfactory about his evidence. The evidence on behalf of the defendant was even more unsatisfactory. In the course of the trial, the defendant confronted the plaintiff with a leaf from his own notebook, which, if it had reference to the defendant's job, showed a smaller number of hours of work by the plaintiff and a smaller balance due than that claimed. The plaintiff denied that the contents of such leaflet had reference to the Feldman job. The defendant, however, introduced the leaflet in evidence. The trial court entered judg-

ment against the defendants for the amount of balance due, as shown by such leaflet.

Inasmuch as only a fact question is involved, it will serve no useful purpose that we enter upon a discussion of the evidence. We have carefully read the record, and on the whole are satisfied with the findings of the trial court. The decree is accordingly—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.